UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK A. HENDERSON,<br>    Plaintiff,<br><br>    v.<br><br>ROBERT MARTIN, et al.,<br>    Defendants. | No. 3:21-cv-1308 (SRU) |

**ORDER**

On October 4, 2021, Mark Henderson, a sentenced inmate confined at the Connecticut Department of Correction ("DOC") Corrigan-Radgowski Correctional Center ("Corrigan"),[1] proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. In his complaint, Henderson alleges that two officials at Corrigan—Warden Robert Martin and Deputy Warden Oles (collectively, the "Defendants")—violated his rights under the Eighth Amendment by acting with deliberate indifference to the conditions of his confinement. *Id.* Specifically, Henderson alleges the air duct in his prison cell, located in the G-pod, blows "dust [and] rust debris" causing him to experience various medical symptoms. *See id.* at ¶¶ 1-10. For those claimed injuries, Henderson seeks monetary damages and injunctive relief. *Id.* at 13-14.

On the same day, Henderson also filed a motion for a temporary restraining order ("TRO") and preliminary injunction, seeking an order for the Defendants to clean Corrigan's "in-cell and housing unit air duct ventilation systems." Mot. for TRO and Prelim. Inj., Doc. No. 4, at 2. On October 8, 2021, I ordered the Defendants to show cause why the requested relief should

---

[1]     The publicly-available DOC website shows that Henderson was sentenced to twenty years of imprisonment on July 16, 2013, and that he is housed at Corrigan. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (The court may "take judicial notice of relevant matters of public record."). http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=382714.

not be granted. *See* Order, Doc. No. 9. In response, the Defendants argued Henderson's motion was moot. The Defendants submitted evidence that Henderson moved to a different housing unit, the C-Pod, on August 3, 2021, which in effect meant that he was no longer subject to the conditions he complained of. *See* Defs.' Mem. in Response, Doc. No. 11 at 2. Furthermore, the Defendants submitted evidence showing that Henderson's new cell did not have the same air duct or ventilation problems as his prior housing unit. *Id.* at 7; Chappell Decl., Doc. No. 11-2, at ¶ 14. Henderson objected to the Defendants' evidence on the basis that he "still has painful ongoing medical symptoms." Resp., Doc. No. 12, at 1. Even if Henderson's medical symptoms are ongoing, the issue is that his complaint only addresses the ventilation system within the G-Pod. Therefore, I denied his motion for a TRO and preliminary injunction as moot. Order, Doc. No. 13.

     Henderson's subsequent filings, however, suggest that he may be experiencing similar issues with the ventilation system in his new housing unit. Specifically, Henderson filed a motion requesting that I appoint a HVAC expert to provide an assessment of Corrigan's ventilation system. *See* Doc. No. 14. Further, Henderson filed a motion for leave to amend his complaint to include the symptom of a swollen uvula. *See* Doc. No. 19. Still, Henderson has failed to allege that the ventilation ducts of where he is currently housed are unsanitary. Unless Henderson makes that allegation, he cannot proceed on a request for injunctive relief against the Defendants in their official capacities. *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007). Therefore, Henderson shall have 30 days to amend his complaint to include allegations concerning the ventilation system in his present cell, or housing unit, if any. Should he fail to do

so, I will conduct an initial review based only on whether Henderson has alleged plausible Eighth Amendment claims for damages against the Defendants in their individual capacities.[2]

It is so ordered.

Dated at Bridgeport, Connecticut this 31st of March 2022.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[2] Any claims seeking monetary damages for violations of Henderson's federal constitutional rights by the defendants in their official capacities are barred by the Eleventh Amendment and are dismissed under 28 U.S.C. § 1915A(b)(2). *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacities); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).